■ LYNDA PHILLIPS, Appellant, v LAPIELE, LLC, Respondents. [898 NYS2d 859]—In a consolidated action, inter alia, to recover damages for negligence and medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), entered February 27, 2009, as granted those branches of the motion of the defendants LaPiele, LLC, Michelle Di Iorio, and Allied Health Association which were for summary judgment dismissing the complaint insofar as asserted against them and granted that branch of the separate motion of the defendant John Di Iorio which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the motion of the defendants LaPiele, LLC, Michelle Di Iorio, and Allied Health Association which were for summary judgment dismissing the complaint insofar as asserted against the defendants LaPiele, LLC, and Michelle Di Iorio, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof granting that branch of the separate motion of the defendant John Di Iorio which was for summary judgment dismissing the complaint insofar as asserted against him, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the respondents appearing separately and filing separate briefs.

The defendant LaPiele, LLC (hereinafter LaPiele), owned a

spa located in the Village of Huntington, which offered a variety of beauty treatments. The defendant Michelle Di Iorio (hereinafter Michelle) worked at LaPiele, and the defendant John Di Iorio (hereinafter John), a doctor, was listed as the spa's physician on LaPiele's brochure, and was listed on the informed consent forms. Finally, the defendant Allied Health Association (hereinafter Allied) was described by its Executive Director as a "national association in the beauty industry," which functions as a purchasing group through which beauty salons obtain insurance.

The plaintiff underwent a course of treatments at LaPiele, which were administered by Michelle, called intense pulse light photo-rejuvenation (hereinafter IPL). She suffered burns as a result of her last treatment.

The plaintiff commenced an action against the defendants, alleging, inter alia, negligence in the administration of IPL. Thereafter, she commenced a second action against John, asserting, among other things, a cause of action to recover damages for medical malpractice based on his alleged role as the consulting physician at LaPiele. In the order on appeal, the two actions were consolidated.

Allied made a prima facie showing of its entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the motion of LaPiele, Michelle, and Allied which was for summary judgment dismissing the complaint insofar as asserted against Allied.

However, none of the remaining defendants made a prima facie showing of entitlement to judgment in their favor. Accordingly, the remaining branches of the defendants' separate motions, to the extent they sought summary judgment dismissing the complaint insofar as asserted against LaPiele, Michelle, and John, should have been denied regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Yuen Lum v Wallace*, 70 AD3d 1013 [2010]). Covello, J.P., Florio, Miller and Eng, JJ., concur.